

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2014 FEB 21 AM 11:00

WILLIAM W. BLEVINS
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS

| | |
|---|---|
| Charles Edward Lincoln III,<br>    Plaintiff,<br><br>v.<br><br>Mayor Bobby Danner,<br>Olivier House Hotel,<br>534 Dauphine Street LLC,<br>531-533 Dauphine Street LLC,<br>828 Toulouse Street LLC,<br>836 Toulouse Street LLC,<br>James D. & Kathryn M. Danner,<br>And John & Jane Does 1-100<br>    Defendants. | § § § § § § § § § § § § § § § § |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

Civil Action No:

# 14-393

## SECT. H MAG. 5

Possible Class Action
Noted
Trial-by-Jury Demanded

## COMPLAINT FOR DAMAGES

1.  Plaintiff Charles Edward Lincoln III sues Mayor Bobby Danner of Blackwater, Missouri, Olivier House Hotel, 534 Dauphine Street, LLC, 531-533 Dauphine Street LLC, 828 Toulouse Street, LLC, 836 Toulouse Street, LLC, and James D. and Kathryn M. Danner on behalf of himself and all persons similarly situated.

1

Fee 400.00 pd.
Process ____
x_ Dktd ____
___ CtRmDep ____
___ Doc. No. ____

2.     This Court has Diversity Jurisdiction over the controversy between Plaintiff and the Defendants because Plaintiff's demand for personal injuries and damages to property alone exceeds the minimum amount in controversy $75,000.00 required by 28 U.S.C. §1332(a).

3.     Venue is proper because all or most of the occurrences giving rise to this Complaint took place within the City Limits of New Orleans, Orleans Parish, Louisiana, to wit at the Olivier House Hotel in the "French Quarter" or Vieux Carre, at or around 828 Toulouse Avenue.

4.     Defendants are residents of Louisiana and Missouri while Plaintiff is a resident of California.

5.     If the price-gouging alleged in this complaint is certified as a class action, including other New Orleans Hotelier Defendants identified herein only as "John or Jane Does", the cumulative amount of damages will easily exceed the $5,000,000.00 required by 28 U.S.C. §1332(d)(2).

6.     In the alternative, this Court has Federal Question jurisdiction over the controversy, subject matter of this complaint, pursuant to price manipulation and unfair trade practices under 15 U.S.C. §1 et seq. and 15 U.S.C. §45 et seq., or civil rights violations under 42 U.S.C. §1983.

7.     Blackwater, Missouri Mayor Bobby Danner and each of the other named Defendants, have seriously violated (possibly to hundreds or

2

thousands of people, in fact), the general price gouging provisions of Louisiana R.S. 29:732, as well as simultaneously, the more specific provisions of Louisiana Revised Statutes ("R.S.") 21:21 A. (7) which states that the following is a fraudulent act, and that "NO PERSON SHALL":

> (7) Sell or offer to sell accommodations at any hotel during the weekend of the National Football League Superbowl game, Bayou Classic game, Sugar Bowl game, and during the period of the National Collegiate Athletic Association Final Four Tournament, in excess of thirty percent more than the highest advertised rack rate charged by the hotel, inn, or boarding house.

8.      Price gouging in the provision of hotel and other accommodation services is prohibited under Louisiana R.S. 21:21 A. (7) even when the purchaser agrees by contract to pay an exorbitant price. Plaintiff never agreed, and in fact expressly disagreed to those figures, while he was in fact a long-term resident of the Olivier House and not in any case subject to hotel rules and regulations, having, by February 3, 2013 the date of Superbowl 2013, been resident at Olivier House for almost two months, since December 9, 2012.

9.      Mayor Bobby Danner and the other named "Olivier House Defendants" also formulated a policy of fraudulently gouging, overcharging, without Plaintiff's agreement on consent on Mardi Gras and New Year's Eve, 2013.

3

10.    And then on February 22, 2013, Mayor Bobby Danner also violated Louisiana Statutes Louisiana R.S. 21:75-21.76, and or, in the alternative, the provisions of Louisiana Civil Code Article 2728 and Louisiana Code of Civil Procedure Article 4701.

11.    Mayor Bobby Danner at all times relevant to this lawsuit always asserted and used his title "Mayor" (Mayor of Blackwater, Missouri) and asserted that he had special relations with, influence over, or even control of the New Orleans Police in the French Quarter either by virtue of his position as Mayor or Hotel Owner or both.

12.    Regardless of whether his claims were true or false, Mayor Bobby Danner always acted under color of law and asserting his political power and authority, even when engaged in purely private pursuits.

13.    Mayor Bobby Danner is accordingly sued in both his official capacity as Mayor of Blackwater and his individual capacity as manger/operator of the Olivier House Hotel, and the cluster of LLCs in whose name various property elements of the Olivier House Hotel are owned, all of those known being named herein, any unknown being named as "Does."

14.    The City of Blackwater might also be substituted in for a "Doe" Defendant upon further fact-finding related to Mayor Bobby Danner's real or claimed authority.

4

15.     Certain municipal police officers of the City of New Orleans might be substituted in for "Doe" Defendants if Mayor Bobby Danners claims about his authority appear to be true.

## FIRST CAUSE OF ACTION:

## FRAUD by PRICE GOUGING

16.     Plaintiff realleges paragraphs 1-15 and incorporates the same by reference as if fully copied and restated herein below.

17.     Plaintiff sues for Louisiana Civil Code Delictual Fraud and price gouging and falsification, daily manipulation of the price of rooms and lodging at Olivier House, including the aforementioned extraordinary charges imposed on the Super Bowl Weekend of February 1-4, 2013, which may have represented a 500-600% overcharge.

18.     At all times Mayor Bobby Danner acted within the scope of his employment for his parents James D. & Kathryn M. Danner, as well as on behalf of 828 Toulouse, LLC, 836 Toulouse, LLC, 531-533 Dauphine, LLC, and 534 Dauphine LLC, as well as, possibly, for other unknown entities or persons now only known as "Does", including other possible Defendant managers or owners of Olivier House Hotel, and other members of the Danner family.

19.     Plaintiff alleges that, despite his long-term tenancy, Mayor Bobby

5

Danner and the employees of Olivier House, under the authority of James D. and Kathryn M.   Danner and the various nested LLCs named as Defendants in this case, especially but not limited to 828 and 836 Toulouse, 531-533 and 534 Dauphine, and possible Defendants "Doe", created a paper trail of hotel registrations which were filled out by hotel employees but which Plaintiff never signed, falsely designed and intended to show that Plaintiff had agreed to wildly divergent prices from day-to-day, with the intention of presenting these bills to the Plaintiff for payment all at once subject to illegal threats in violation of Louisiana Statutes, Civil Code, and Code of Civil Procedure cited above.

20.     Plaintiff suffered extreme emotional distress and depression as a result of Defendants' actions in this case, suffered physical hardship and anguish to the point that he ground his teeth and broke his tooth in reaction to Mayor Bobby Danner's fraudulent and price gouging behavior on or about 19-21 February 2013.

21.     Plaintiff alleges that, with reference to Super Bowl Sunday Weekend February 1-4, 2013, he is a typical representative of thousands of tourists in New Orleans who were illegally price-gouged by mutual agreement between Mayor Bobby Danner, the LLC Defendants, James D. & Kathryn M. Danner, and dozens if not hundreds of other New Orleans Hoteliers, some

6

of whom as principles should be substituted in as named Defendants though now they are only listed as "John or Jane Does."

22.     For these specific frauds, and this scheme to defraud, Plaintiff claims actual, consequential, and special damages of $23,000.00.

### SECOND CAUSE OF ACTION:

### PROPERTY DAMAGE and CONVERSION

23.     Plaintiff realleges ¶¶1-22 and incorporates the same by reference as if fully copied and restated herein below.

24.     On or about Thursday, 21 February 2013, Defendant Bobby Danner, acting individually and on behalf of all named "LLC" Defendants and James D. & Kathryn M. Danner, and possibly several does, seized or destroyed movable personal property belonging to Plaintiff in excess of $17,000.00 in its minimum value.

25.     This personal property included a wide variety of belongings including computers and computer software and accessories, study and art books, including some rare books on the history of the Louisiana Oil & Chemistry Industry and architecture, clothing, paintings, coins, medals, photographs, other electronics, mementos and memorabilia, including a large collection of beeds, tokens, and other collectibles from New Orleans Mardi Gras 2013, and papers relating to Plaintiff's consulting work and legal title to real

property belonging to other people.

26.    For all his losses due to lost and damaged or converted property, as well as lost time and use or replacement of the same, Plaintiff demands damages in the minimum amount of $38,000.00.

### THIRD CAUSE OF ACTION:

### MAYOR BOBBY DANNER for PERSONAL INJURIES due to ASSAULT and THREATS OF FALSE IMPRISONMENT

27.    Plaintiff realleges ¶¶1-26 and incorporates the same by reference as if fully copied and restated herein below.

28.    On the morning of February 22, 2013, Defendant Blackwater Mayor Bobby Danner, acting on his own, but on behalf of Olivier House, asserting his authority as Mayor with special influence or power over the New Orleans Police of the French Quarter Precinct, woke up the Plaintiff in his room ("the Cottage") at Olivier House, started barking contradictory orders and threats, and actually threatened severe bodily injury against Plaintiff, placing Plaintiff in reasonable apprehension of false imprisonment, false, arrest, and unlawful seizure or severe bodily injury due to seizure by officers of the New Orleans Police Department acting under Mayor Danner's directions.

29.    Plaintiff suffered extreme emotional distress and depression, as a result of Defendants' actions in this case, suffered physical hardship and anguish to

8

the point that he ground his teeth and broke his lower right first molar tooth in reaction to Blackwater Mayor Bobby Danner's assault.

30.    At all times Mayor Bobby Danner acted within the scope of his employment for his parents James D. & Kathryn M. Danner, as well as on behalf of 828 Toulouse, LLC, 836 Toulouse, LLC, 531-533 Dauphine, LLC, and 534 Dauphine LLC, as well as, possibly, for other unknown entities or persons now only known as "Does", including other possible Defendant managers or owners of Olivier House Hotel, and other members of the Danner family.

31.    Plaintiff demands damages of $30,000.00 for his personal injuries due to assault, including the replacement of his broken lower right molar tooth.

### FOURTH CAUSE OF ACTION:

### PERSONAL INJURIES DUE TO BOBBY DANNER'S

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.    Plaintiff realleges and incorporates ¶¶1-31 by reference as if fully copied and restated herein below.

33.    Mayor Bobby Danner's conduct on February 22, 2013, were extreme and outrageous, intolerable in a civilized society, involving such gross and grotesque threats of false arrest, false imprisonment, and torture of various sadistic kinds that Plaintiff reserves the pleading of the same for a subsequent

9

filing.  Mayor Bobby Danner claimed both the right and the power and full legal authority to arrange for Plaintiff to be tortured or even "disappear" inside the New Orleans/Orleans Parish jail system.

34.     His expressions, though not all coherent, and rapidly escalating over a short period of less than one hour, were consistently vicious, if nothing else.

35.     Mayor Bobby Danner's demeanor on February 22, 2013 was extremely violent, threatening, unstable and unsteady, constantly changing, and he appeared to be either on drugs or worked up into a berserkers' like frenzy, not seeming to be entirely normal as a human being.

36.     After the events of February 22, 2013, for the first time in his life Plaintiff began regularly to see a psychologist, suffered the lower right first molar loss mentioned above, and for several months thereafter suffered extreme depression, inability to work, and difficulty relating to other people.

37.     Plaintiff claims $30,000.00 in actual, consequential, and special personal injury damages due to emotional distress.

## FIFTH CAUSE OF ACTION:

## BREACH OF ORAL CONTRACT

38.     Plaintiff realleges and incorporates ¶¶1-37 by reference as if fully copied and restated herein below.

39.     Plaintiff alleges he had an oral agreement and understanding with

Mayor Bobby Danner and by and through him with 828 Toulouse, LLC, 836 Toulouse, LLC, 531-533 Dauphine LLC, and 534 Dauphine, LLC, as well as with James D. & Kathryn M. Danner.

40.    The terms of this oral agreement were to rent the Cottage or other rooms at Olivier House for an indefinite period of time at a fixed rate of approximately $80.00 per night, on a month-to-month basis. When Plaintiff moved into Olivier House on December 9, he paid for the entire remaining month of December in advance (21 days for $1700, approximately $80.95/night) and this was the agreed rate was going to be.

41.    At all times Mayor Bobby Danner acted within the scope of his employment for his parents James D. & Kathryn M. Danner, as well as on behalf of 828 Toulouse, LLC, 836 Toulouse, LLC, 531-533 Dauphine, LLC, and 534 Dauphine LLC, as well as, possibly, for other unknown entities or persons now only known as "Does", including other possible Defendant managers or owners of Olivier House Hotel, and other members of the Danner family.

42.    Plaintiff alleges and claims actual, consequential, and special damages of $25,000.00 for Defendants' breach or breaches of contract.

## SIXTH CAUSE OF ACTION:

## MAYOR DANNER'S THREATS OF ASSAULT, FALSE ARREST, & FALSE IMPRISONMENT as VIOLATIONS of 42 U.S.C. §1983

43.    Plaintiff realleges paragraphs 1-42 above and incorporates the same by reference as if fully copied and restated herein below.

44.    At all times Mayor Bobby Danner acted within the scope of his employment for his parents James D. & Kathryn M. Danner, as well as on behalf of 828 Toulouse, LLC, 836 Toulouse, LLC, 531-533 Dauphine, LLC, and 534 Dauphine LLC, as well as, possibly, for other unknown entities or persons now only known as "Does", including other possible Defendant managers or owners of Olivier House Hotel, and other members of the Danner family.

45.    On 22 February 2013, however, Mayor Bobby Danner specifically asserted and alleged his power arising from his status as Mayor of Blackwater, Missouri, in particular as relating to his power to summon and direct the New Orleans Police Department and in particular officers of the 8th District centered in the French Quarter.

46.    Mayor Bobby Danner went to far as to claim authority and power over the conduct and treatment of prisoners in the New Orleans jails.

47.    Whether true or not, Mayor Bobby Danner asserted his power to act

12

oppressively under color of law.

48.     For Mayor Bobby Danner's acts of official oppression on behalf of the City of Blackwater as represented in New Orleans, Plaintiff sues Defendant for the sum of $55,000.00.

### SEVENTH CAUSE OF ACTION:

### DANNERS' & OLIVIER HOUSE DEFENDANTS' VIOLATIONS of

### LOUISIANA UNFAIR TRADE PRACTICES ACT or

### FEDERAL TRADE COMMISSION ACT

49.     Plaintiff realleges paragraphs 1-48 above and incorporates the same by reference as if fully copied and restated herein below.

50.     Olivier House Hotel, 531-533 Dauphine LLC, 534 Dauphine, LLC, 828 Toulouse LLC, and 836 Toulouse LLC, Mayor Bobby Danner, James D. and Kathryn M. Danner, and unknown John & Jane Does affiliated with them or sharing in the ownership or operation of Olivier House Hotel, are engaged in commerce within the meaning of Louisiana R.S. 51:1402(9).

51.     Mayor Bobby Danner's conduct, at all times within the scope of his employment, was intentional, unscrupulous, and unethical, filled with lies, threats, deceit and bad faith.

52.     All of the named Defendants including the several nested LLCs forming Olivier House Hotel and possibly several unnamed John or Jane

13

Does, agreed and conspired with Mayor Bobby Danner to violate the Louisiana Unfair Trade Practices Statute and are individually and solidarily liable to the Plaintiff, and/or the class affected.

53.    In addition or in the alternative, the facts pled here support liability under 15 U.S.C. §§1 et seq. and 15 U.S.C. §45 et seq. including but not limited to the Federal Trade Commission Act.

54.    The actual, consequential, and special damages incurred by Plaintiff as a result of these Defendants' actions is an amount in excess of $55,000.00, for which Plaintiff now sues.

## JURY DEMAND

Plaintiff Demands a Trial-by-Jury of all Issues so triable as matters of fact or mixed questions of fact and law.

## PRAYER FOR RELIEF

Plaintiff demands all his actual, consequential, special, and punitive damages itemized above, including attorneys' fees if Plaintiff is forced to hire an attorney to represent him in this case, plus trebled damages and punitive or exemplary damages against these Defendants as allowed by law.

Plaintiff prays for his Damages as follows:

Count I, ¶ 22:     $23,000.00

Count II, ¶ 26:     $38,000.00

Count III, ¶31:     $30,000.00

Count IV, ¶38:     $30,000.00

Count V, ¶42:     $25,000.00

Count VI, ¶48:     $55,000.00

Count VII, ¶54:     $55,000.00

**TOTAL: $226,000.00**

Plaintiff also prays, with regard to Super Bowl Sunday and the weekend of February 1-4, 2013, that the Court hold a hearing on the certification of a class action arising from mass coordinated and agreed violations of Louisiana R.S. R.S. 21:21 A. (7) among the Defendants herein named and the unnamed Defendants with whom Defendants agreed and conspired to violate this statute as well as the Louisiana Unfair Trade Practices Act and the Louisiana Price Gouging Act.

Plaintiff also requests that, with regard to that one weekend, and possibly Mardi Gras and New Years as well, the Court will find Plaintiff a typical and representative member of a class whose members cannot easily be ascertained, being a class of all persons subject to price gouging in 2013 on the three mentioned holidays/special events (New Years', Super Bowl Sunday & Weekend, and Mardi Gras).

Plaintiff also prays for all such other and further relief to which he

15

may be justly entitled as a matter of law or equity.

Respectfully submitted,

_____
Charles Edward Lincoln III
c/o Liana Thanou
269 South Beverly Drive  #1247
Beverly Hills, California 90212

Telephone: (310) 430-6936
Alternative: (504) 408-5492
E-mail: charles.e.lincoln@gmail.com

16